Per Curiam
There seems to be no way in which a reversal of this judgment can be avoided. The respondent’s counsel in the face of the decision previously made in this action (42 Hun, 658, mem.), that it was error to admit the account certified by the executor to be correct, upon the new trial, offered the same evidence and the same was admitted, the court in the hurry of the trial, being of the opinion that the case had assumed an entirely different aspect from when it was presented at the general term.
But we fail to see in what way the evidence in question was made relevant by anything that occurred upon the last trial. Upon this branch of the case, the executor was made, a witness of the defendants, and for all that we see the offer of the evidence could not have had any pertinency, except to prove the admission by the executor.
It is urged that it was simply an amplification of his testimony, and that, therefore, it was admissible, and as it contained some facts of which the defendant had personal knowledge and no objection was taken to any specific part of the papers, the objection was properly overruled.
The force of this distinction, we fail to apprehend, as the paper was offered as a whole, and not that part as to which it is assumed that the executor had personal knowledge. In fact the ground upon which it was admitted by the court, was that it was proper evidence to show that the witness, as executor, had passed upon this very claim, and had admitted it to be a claim against the estate, which was clearly within the decision of this court on the previous appeal.
For this error the judgment must be reversed and a new trial ordered, with costs to appellant to abide event.